UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 23-cr-275 (JMC) |
| : | |
| JAMES ALLEN KNOWLES, : | |
| : | |
| Defendant. : | |

**UNITED STATES' SUPPLEMENTAL MOTION *IN LIMINE* TO EXCLUDE DEFENDANT'S PROFFERED ENTRAPMENT-BY-ESTOPPEL DEFENSE**

The United States of America files this supplemental motion *in limine* to preclude the Defendant from raising an entrapment-by-estoppel defense in his opening statement. The United States further requests that the Court issue a pretrial ruling that the speech by former President Trump on January 6, 2021, is insufficient, as a matter of law, to support an entrapment-by-estoppel defense—a ruling that has been uniformly issued by every judge in this district presented with the question.

**BACKGROUND**

On July 31, 2024, the United States filed a motion *in limine* to "preclude the Defendant from arguing entrapment by estoppel" related to law enforcement. ECF No. 49 at 3 (capitalization omitted). The Defendant responded on August 7, 2024, arguing, in part, that it was premature to exclude an entrapment defense at that time because "defense has not yet determined that it will raise an entrapment case at this trial." ECF No. 62. At the pretrial conference, the Court denied the United States' motion *in limine* without prejudice. Min. Order (Aug. 28, 2024).

Three developments have occurred since the United States' filed its initial motion *in limine* necessitate this supplemental motion. First, defense counsel indicated during the pretrial conference that he intends to raise an entrapment-by-estoppel defense during his opening statement. Second, defense counsel has indicated during the pretrial conference that an

entrapment-by-estoppel defense would be based on former President Trump's statements alone, rather than any actions or statements by law enforcement. Defense counsel referred to former President Trump's status as "commander in chief" to explain why the Defendant could have justifiably relied on the former president's speech to enter the Capitol.[1] While defense counsel did not use the term "entrapment by estoppel," his rationale amounts to an entrapment-by-estoppel defense. Third, after motions practice was complete, the Defendant did not file an exhibit list or provide the United States with any defense exhibits and has instead stated that he intends to rely on the United States' exhibits—including a video of President Trump's speech at the Ellipse on January 6.

## ARGUMENT

**I.     The Court Can, and Should, Decide Pretrial that Former President Trump's Speech is Insufficient to Support an Entrapment-by-Estoppel Defense**

Before addressing the substantive reasons why the Court should preclude the Defendant's purported defense, it is important to clarify exactly what type of defense the Defendant is asserting. While the Defendant has at times discussed an "entrapment" defense, ECF No. 62, the substance of the defense described at the pretrial conference is really an entrapment-by-estoppel defense. That is because the Defendant's arguments are not based on being tricked by law enforcement into committing a criminal act—i.e., entrapment—but rather based the Defendant's purported reliance on former President Trump's speech as giving him authority to enter the Capitol—i.e., entrapment-by-estoppel. An entrapment-by-estoppel defense is closely related to a public authority defense, both of which suggest that convicting someone for actions taken in reasonable reliance on specific statements by a government official "would be to sanction an indefensible sort of entrapment by

---

[1] Because the Defendant was not a member of the military on January 6, 2021, former President Trump's status as commander in chief on January 6 is utterly irrelevant. Any argument about commander-in-chief status would confuse the issues and mislead the jury, and thus should be excluded under Rule 403.

the State—convicting a citizen for exercising a privilege which the State had clearly told him was available to him." *Cox v. Louisiana*, 379 U.S. 559, 571 (1965) (quoting *Raley v. Ohio*, 360 U.S. 423, 425–26 (1959)). Because the Defendant claims that his actions on January 6, 2021, were taken in reasonable reliance on statements made by former President Trump at the rally, he is attempting to assert an entrapment-by-estoppel defense, not garden-variety entrapment.

The speech by former President Trump on January 6, 2021, is insufficient, as a matter of law, to support the Defendant's entrapment-by-estoppel defense. Judge Bates's thorough opinion in *United States v. Sheppard*, No. CR 21-203 (JDB), 2022 WL 17978837, at *7 (D.D.C. Dec. 28, 2022), explains why former President Trump's speech is insufficient to support an entrapment-by-estoppel defense. As Judge Bates explained in *Sheppard*:

> [T]o win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation.

*Sheppard*, 2022 WL 17978837 at *8 (quoting *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021)).

For a defendant asserting entrapment by estoppel based on the former president's speech, the critical issue is whether the defendant relied on a conclusion or statement of law by former President Trump. *See id.* at *9 ("[I]t is undisputed that [the defendant] must show that he relied on a 'conclusion or statement of law' by the relevant official—here, former President Trump."). As Judge Bates explained in *Sheppard*, an "entrapment-by-estoppel defense[] [is] available only when the official's statements or conduct state or clearly imply that the defendant's actions are lawful." *Id.*

3

In *Sheppard*, Judge Bates closely examined the statements by former President Trump—which, according to the defendant there, supported an entrapment-by-estoppel defense:

> And after this, ***we're going to walk down, and I'll be there with you***, we're going to walk down. . . . I know that everyone here will soon be marching over to the *Capitol building* to peacefully and patriotically make your voices heard. . . . And they want to recertify their votes. . . . **But the only way that can happen is if Mike Pence agrees to send it back. . . . If not . . . you will have an illegitimate President.** That's what you'll have. And we can't let that happen. . . . **We must stop the steal** and then we must ensure that such outrageous election fraud never happens again. . . . **And we fight. We fight like hell**. **And if you don't fight like hell, you're not going to have a country anymore . . . . So we're going to, we're going to walk down Pennsylvania Avenue . . . . And we're going to the Capitol, and we're going to try and give them the kind of pride and boldness that they need to take back our country. . . . So let's walk down Pennsylvania Ave**.

*Id.* (emphasis in original). Judge Bates held that "[t]hese words only encourage those at the rally to march to the Capitol—nothing more—and do not address legality at all." *Id.* And even if one concluded that the former president's words "implie[d] that he was urging protestors to do something more—perhaps to enter the Capitol building and stop the certification," there was "simply no indication that Trump informed the protestors that doing so would be legal, as required to make out either defense." *Id.* Permitting the defendant to raise an entrapment-by-estoppel defense under such circumstances, Judge Bates explained, would squarely contradict the D.C. Circuit's "unequivocal[]" holding that following orders, without more, cannot transform an illegal act into a legal one. *Id.* (citing *United States v. North*, 910 F.2d 843 (D.C. Cir.), *opinion withdrawn and superseded in part on reh'g*, 920 F.2d 940 (D.C. Cir. 1990)).

In *Sheppard*, Judge Bates entered a pretrial order precluding the Defendant from raising an entrapment-by-estoppel defense because his proffered evidence was facially insufficient to support it. *Id.* Judge Bates is far from alone in entering a pretrial order prohibiting a defendant from asserting that former President Trump's speech gives rise to an entrapment-by-estoppel defense. Nearly every sitting judge in this district has entered such an order, and many have authored written

4

opinions endorsing Judge Bates's decision in *Sheppard*. *See United States v. Easterday*, No. 22-cr--404 (JEB), 2023 WL 6646384, at *2 (D.D.C. Oct. 12, 2023) ("The Court once again concludes that Trump's statements cannot support an entrapment-by-estoppel or public-authority defense." (internal quotation marks omitted)) (Boasberg, C.J.); Min. Order (Oct. 11, 2023), *United States v. Warner*, No. 21-cr-392 (Lamberth, J.); *United States v. Baez*, 695 F. Supp. 3d 94, 106 (D.D.C. 2023) (Friedman, J.) ("Ms. Baez is precluded from relying on former President Trump's statements to assert the entrapment by estoppel or public authority defenses."); *United States v. Grider*, No. 21-cr-022 (CKK), 2022 WL 3030974, at *3 (D.D.C. Aug. 1, 2022) (Kollar-Kotelly, J.) ("[F]ormer President Trump's statements did not in any way address the legality of the actions he urged his supporters to take."); Min. Order (Mar. 22, 2024), *United States v. Camargo*, No. 21-cr-70 (Jackson, J.) (prohibiting an entrapment-by-estoppel defense, while allowing the defendant to argue he did not have the requisite intent); *United States v. Eicher*, No. 22-cr-38 (BAH), 2023 WL 3619417, at *4 (D.D.C. May 23, 2023) (Howell, J.); Pretrial Conference Tr. 12, ECF No. 82, *United States v. Alford*, No. 21-cr-263 (Chutkan, J.) ("I will grant the government motion [to exclude entrapment by estoppel] but note that the defense may present evidence of law enforcement conduct as it relates to Mr. Alford's mens rea"); Min. Order (Aug. 27, 2024), *United States v. Rotella*, No. 23-cr-303 (Moss, J.); Min. Order (Aug. 21, 2023), *United States v. Gietzen*, No. 22-cr-116 (Nichols, J.).

In this case, the Court should likewise preclude the Defendant from raising an entrapment-by-estoppel defense based on President Trump's speech. Before the pretrial conference, it was unclear whether the Defendant intended to raise such a defense and, if so, what evidence he would rely on. Now, that ambiguity is gone. Defense counsel asserted an intent to claim entrapment by estoppel based on former President Trump's speech. And, because the Defendant claims to have no exhibits he plans to use other than what is on the United States' exhibit list, it appears he will

5

rely solely on Government Exhibit 200 (the full Trump speech) or Government Exhibit 201 (clips of the Trump speech).While the Defendant has not yet proffered exactly what parts of the speech he intends to rely on, the specifics do not matter. No portion of former President Trump's speech stated or implied that the Defendant—nor any rioter—could enter the U.S. Capitol building. The Court has Government Exhibits 200 and 201 and can review those videos prior to trial. If the Court does so, Judge Bates's exhaustive analysis of the exact evidence that the Defendant suggests he will rely on should persuade this Court to follow the uniform decisions of every judge presented with the issue: President Trump's speech at the Ellipse cannot, as a matter of law, give rise to a viable entrapment-by-estoppel defense. *Sheppard*, 2022 WL 17978837 at *8–9.

    **II.    The Court Should Prohibit the Defendant from Raising Entrapment by Estoppel in his Opening Statement.**

The Court should prohibit the Defendant from asserting entrapment by estoppel in his opening statement. "[A]n opening statement can and often does set the atmosphere at and for a trial." *Reeves v. Warden, Md. Penitentiary*, 346 F.2d 915, 922 (4th Cir. 1965). Although an opening statement does not constitute evidence or provide official instructions regarding the law, courts have recognized that its contents not only can influence juries, but can also prejudice them. *See, e.g.*, *United States v. Rogers*, 270 F.3d 1076, 1081–82 (7th Cir. 2001) (noting that where the prosecutor's opening statement contained a legal error, defendant might have been entitled to a mistrial, had he requested one). Accordingly, when an attorney inaccurately states the law during his opening argument, that statement can have a pervasive impact on the jury's reading of the evidence.

Similarly, where there is insufficient evidence of a defense as a matter of law, the court can prevent the defendant from opening on that issue. *See United States v. Blassingame*, 197 F.3d 271, 279–80 & 280 n.3 (7th Cir. 1999) (affirming district court's order precluding a defendant from

asserting entrapment in his opening statement when the defendant failed to offer a sufficient proffer of entrapment evidence); *United States v. Plowman*, 700 F.3d 1052, 1057–60 (7th Cir. 2012) (same). As explained above, judges in this district have routinely granted the United States' pretrial motions to preclude defendants from raising entrapment by estoppel based on former President Trump's speech. *See, e.g.*, *Sheppard*, 2022 WL 17978837 at *8–9; *Grider*, 2022 WL 3030974 at *3; *Baez*, 695 F. Supp. 3d at 106. Such pretrial rulings prevented defendants from asserting a defense when it was clear they could never meet their burden of production to warrant a final jury instruction on entrapment by estoppel. And while opening statements are not evidence, preventing a defendant from asserting a non-viable defense in his opening statement is consistent with Federal Rule of Evidence 403's instruction to exclude evidence when the risk of "confusing the issues [or] misleading the jury" substantially outweighs the evidence's probative value. Fed. R. Evid. 403.

At the pretrial conference, defense counsel asserted an intent to raise entrapment by estoppel during his opening statement. The Court has the authority to prevent the Defendant from raising defenses in opening statements, and the Court should exercise that authority here. The Court should not permit the Defendant to open on that defense unless he can make a sufficient proffer of evidence that would support an instruction. Thus far, what he has offered is former President Trump's speech alone—as already explained, that proffer falls woefully short and requires the Court to preclude the Defendant from opening on that defense. Allowing the Defendant to assert entrapment by estoppel in his opening, knowing full well that the evidence he intends to rely on is legally insufficient to support a final instruction on that defense, would allow the jury to be misled. And, as explained below, argument or an instruction at the end of trial would not sufficiently remedy the issue.

### III. Permitting the Defendant to Assert Entrapment by Estoppel in His Opening, when he Cannot Produce Evidence Sufficient to Warrant an Entrapment Instruction, Will Require a Curative Instruction Later in Trial.

If the Defendant is permitted to open on a defense that is legally non-viable, then the United States may seek an instruction that former President Trump's speech cannot, as a matter of law, give rise to an entrapment-by-estoppel defense. Courts have recognized their responsibility to give curative instructions when attorneys overstep the bounds of propriety in their arguments. The D.C. Circuit explained this duty as follows in *United States v. Hall*, 610 F.3d 727 (D.C. Cir. 2010), a case in which the prosecutor misstated the law in his closing argument:

> This court has previously approved targeted instructions designed to mitigate prejudice. . . . The court has observed that generic instructions may not be a cure-all for an erroneous statement, . . . noting that a specific curative instruction may be required in a particularly egregious case, . . . and that contemporaneous objection to a specific erroneous statement can "fix[ ] the statement in the jury's mind as one subject to doubt.

*Id.* at 742 (internal citations omitted). Should the defense misstate the law in its opening statement, it is permissible for the government to object and seek a curative instruction. *cf. United States v. Ring*, 768 F. Supp. 2d 302, 311 n.9 (D.D.C. 2011) ("[I]t was not misconduct for the government to successfully object to the defendant's misstatement of the law in its opening statement, prompting the Court to provide a cautionary instruction to the jury.").

Here, if the Defendant is permitted to open on an entrapment-by-estoppel defense, with only former President Trump's January 6, 2021 speech at the Ellipse as his support, the United States may seek a final instruction that the speech alone is not a basis for entrapment by estoppel. By raising the defense affirmatively in his opening, the Defendant will have improperly planted in the jury's mind that entrapment by estoppel is a viable defense in this case. Simply leaving out a final instruction will not be enough to remedy the error; if the Defendant affirmatively creates the legal error, the United States will likely ask the Court to affirmatively remedy that legal error by

8

giving a curative instruction at the end of the trial. In other words, and to clarify the stakes, the United States would be asking the Court to instruct the jury that the defendant's argument is not a valid defense and does not support an acquittal. The Court cannot simply leave it to the government to argue against such a defense in closing or rebuttal; if the Defendant injects blatantly erroneous legal instructions into his jury addresses, then the Court has an obligation to cure that error and ensure that the jury understand the correct law. Such an instruction heightens the appellate risk, should there be a conviction, and it will inevitably call the jury's attention to unkept promises in the defense's opening statement. This legal risk is entirely avoidable, if the Court simply prohibits reference to entrapment by estoppel in the Defendant's opening and waits until the charge conference to see whether the Defendant can meet his burden of production for that defense. If all he has to offer is the former president's speech, the answer is an easy no, and preventing him from opening on that defense will have avoided unnecessary legal risk.

## CONCLUSION

For these reasons, the United States requests that this Court enter an order ruling that the former president's speech on January 6, 2021, does not, as a matter of law, provide a sufficient basis to give an entrapment-by-estoppel instruction, and precluding the Defendant from referencing entrapment by estoppel in his opening statement.

//

//

//

//

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    /s/ *Terence Parker*
        TERENCE PARKER
        Trial Attorney (detailee)
        U.S. Attorney's Office for the District of Columbia
        New York Bar No. 5775192
        Terence.Parker3@usdoj.gov
        (202) 803-1600

        */s/ Sara E. Levine*
        SARA E. LEVINE
        Assistant United States Attorney
        VA Bar No. 98972
        601 D Street NW
        Washington, DC 20530
        sara.levine@usdoj.gov
        (202) 252-1793