| | |
|---|---|
| **From:** | gregsmithlaw@verizon.net |
| **To:** | "Parker, Terence (USADC)"; Cobb Chambers; "Levine, Sara (USADC)" |
| **Subject:** | RE: "Collective guilt" instruction |
| **Date:** | Thursday, October 3, 2024 7:26:14 AM |
| **Attachments:** | Knowles - Supplemental Revised Defense Jury Instruction (Theory of the Case).docx |

**CAUTION - EXTERNAL:**

The defense will not agree to the Government's proposed alternative below, for reasons we can discuss at 9AM.

For the Court's convenience, I am also enclosing in Word format our revised Theory of Defense instruction, which was recently docketed.

Best regards—

Greg Smith

**From:** Parker, Terence (USADC) <Terence.Parker3@usdoj.gov>
**Sent:** Thursday, October 3, 2024 6:05 AM
**To:** Cobb Chambers <Cobb_Chambers@dcd.uscourts.gov>; gregsmithlaw_verizon.net <gregsmithlaw@verizon.net>; Levine, Sara (USADC) <Sara.Levine@usdoj.gov>
**Subject:** RE: "Collective guilt" instruction

Good morning,

The government would propose the following language for an instruction on this topic:

> You should not find the Defendant guilty solely because he was present at a time and place where others may have committed a crime. You are not required, however, to view the Defendant's actions in isolation as though he were the only person at the U.S. Capitol that day. You may take into consideration all of the surrounding circumstances in assessing the elements of the offenses.

*See United States v. Alford*, 89 F.4th 943, 953 (D.C. Cir. 2024) ("The jury was not required to view Alford's actions in isolation as though he were the only one at the Capitol that day. It was entitled to interpret Alford's actions in light of the circumstances.").

Sincerely,
Terence Parker

**Terence A. Parker**
Trial Attorney (Detailee)
U.S. Attorney's Office for the District of Columbia
Email: Terence.Parker3@usdoj.gov

Cell: (202) 803-1600
Office: (202) 252-7859

---

**From:** Cobb Chambers <Cobb_Chambers@dcd.uscourts.gov>
**Sent:** Wednesday, October 2, 2024 5:14 PM
**To:** gregsmithlaw_verizon.net <gregsmithlaw@verizon.net>; Levine, Sara (USADC) <SLevine@usa.doj.gov>; Parker, Terence (USADC) <TParker1@usa.doj.gov>
**Subject:** [EXTERNAL] "Collective guilt" instruction

Dear Counsel,

The Court wanted to follow up on our discussion of the defense's proposed "collective guilt" instruction. If the parties are unable to come to a consensus on a proposed instruction, or the Court is not satisfied with the instructions proposed, the Court would be amenable to the defense incorporating this concept into his "theory of the case" instruction.

Best,
Chambers of Judge Cobb

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | Gregory Smith <gregsmithlaw@verizon.net> |
| **Sent:** | Friday, October 4, 2024 11:00 AM |
| **To:** | Parker, Terence (USADC) |
| **Cc:** | Cobb Chambers; Levine, Sara (USADC) |
| **Subject:** | Re: Verbal communication from juror |

**CAUTION - EXTERNAL:**

We agree no further action is required.

Sent from my iPhone

> On Oct 4, 2024, at 10:06 AM, Parker, Terence (USADC) <Terence.Parker3@usdoj.gov> wrote:
>
> Dear Chambers,
>
> Thank you for letting us know. The government agrees that no action is required at this time.
>
> Sincerely,
> Terence Parker
>
> **Terence A. Parker**
> Trial Attorney (Detailee)
> U.S. Attorney's Office for the District of Columbia
> Email: Terence.Parker3@usdoj.gov
> Cell: (202) 803-1600
> Office: (202) 252-7859
>
> ---
>
> **From:** Cobb Chambers <Cobb_Chambers@dcd.uscourts.gov>
> **Sent:** Friday, October 4, 2024 9:58 AM
> **To:** gregsmithlaw_verizon.net <gregsmithlaw@verizon.net>; Levine, Sara (USADC) <SLevine@usa.doj.gov>; Parker, Terence (USADC) <TParker1@usa.doj.gov>
> **Subject:** [EXTERNAL] Verbal communication from juror
>
> Dear Counsel,
>
> We wanted to alert you that, on their way in this morning, one juror asked the Courtroom Deputy, "What do we do if we can't agree on a decision? Do we tell the Judge?" Ms. Duncan told the juror that they should communicate via note. She did not provide any substantive response, beyond stating that communications should be made by note. The Court does not believe that this requires any action from either the Court or the parties—please let us know if you feel differently.
>
> Best,

Chambers of Judge Cobb

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.